*Friday, May 10, 1996*
## DISCIPLINARY DOCKET

In Re:

DISCIPLINARY COUNSEL   :  Case No. 96–283

    RELATOR,   :

V.           :

DEBORAH P. O'NEILL   :

    RESPONDENT.  :  **ENTRY AND DECISION**
             **ON RELATOR'S MOTION**
             **FOR A PROTECTIVE ORDER**

This matter comes before the Commission on the motion of Relator for a protective order pursuant to Civ.R. 26. The Commission has been fully advised, having reviewed the motion, memoranda, pleadings, and applicable law.

Relator seeks a protective order with respect to depositions of Relator Geoffrey Stern and the Office of Disciplinary Counsel investigator James R. McMahon. Relator also seeks relief from the request of Respondent, although not formally made, for an order permitting discovery of the investigative files of the Office of Disciplinary Counsel. To advance the discovery process the Commission will address both of these matters.

Section 3(A) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline of the Supreme Court ("Rules and Regulations") provides that "The Board and hearing panels shall follow the Ohio Rules of Civil Procedure wherever practicable unless a specific provision of Gov.Bar R. V provides otherwise." It is necessary, then, to examine what information is discoverable under the civil rules, and, where discoverable, whether the Rules and Regulations preclude specifically such disclosure.

Pursuant to Civ.R. 26(B)(1), a party may obtain discovery regarding non-privileged information relevant to the claim or defense of a proceeding. This includes determining the existence of documents and the identity of persons having knowledge of any discoverable matter. A party may depose witnesses (Civ.R. 30) and gather documents (Civ.R. 34). Discovery is subject to good cause shown that a protective order should issue. Civ.R. 26(C).

Relator asserts that privacy requirements of the Rules and Regulations, specifically those pertaining to the privacy of documents and privacy of proceedings prevent such discovery of information as it pertains to the investigative file and the depositions of Mr. McMahon and Mr. Stern. Gov.Bar R. V 11(E)(1) provides in pertinent part that,

"All proceedings and documents relating to review and investigation of grievances made under these rules shall be private except as follows:

(a) Where the respondent requests in writing that they be public;

(b) Where the respondent voluntarily waives privacy of the proceedings."

Consequently, the Rules and Regulations reflect both the importance of privacy as well as provide for dissolving privacy restraints.

Respondent acknowledges in her memorandum in response to the motion for a protective order that her request for discovery and the memorandum in this regard are requests in writing and a waiver under Gov.Bar R. V, Section 11(E)(1)(a) and (b). In order to clarify the effect of such acknowledgment, the Commission here determines that it is such a written request and waiver under Gov.Bar R. V, Section 11(E)(1)(a) and (b). Consequently, privacy concerns as it relates to privacy interests of the Respondent in documents are no longer an issue.

Relator also states in support of the motion for a protective order that this issue "has applicability across the entire range of cases handled by Relator. If Respondent can obtain discovery of the 'investigative files' of Relator, then any person similarly situated [over 3,000 per year] may do so as well." This posture is without merit for two reasons. Clearly this case is not in the same posture as other matters Relator handles of a more routine nature; it is a proceeding upon a complaint, and

involves a full hearing by the Commission. Moreover, the Rules and Regulations for the Government of the Bar of Ohio specifically anticipate that the Rules of Civil Procedure would apply in connection with the procedure on complaints and hearings, absent a specific provision to the contrary in Gov.Bar R. V. There is no such reference to the civil rules made regarding the pre-complaint phase of a case, further supporting the applicability of the discovery provisions of the Rules of Civil Procedure at this stage. Moreover, there is no further specific provision with respect to the confidentiality of the investigation that would constrain discovery under the Civil Rules.

Apart from the privacy provisions discussed already, Relator has offered no specific objection to production of documents which are not work product. Again, in order to advance this cause, the Commission construes the request for the discovery of the investigative files as comparable to a request for production of documents contained in these files, pursuant to Civ.R. 34. To the extent, then, that investigative files contain documents, and these documents fall within the purview of Civ.R. 26, and are not generated as work product, these documents are no longer private and must be disclosed.

With respect to witnesses the Relator and the Respondent each intends to call to testify at the hearing, the opposing side is entitled to discover their identity, the subject of their testimony, and may depose them to obtain additional information about the nature of their testimony. Relator claims in his reply memorandum "no interest in protecting" the disclosure of their identity. To the extent the investigative files contain the names of witnesses Relator intends to call, their identity and the subject of their testimony is subject to discovery under the Civil Rules.

The Commission next addresses whether the Respondent is entitled to discover the remainder of the contents of the investigative file and to what extent she can depose Mr. Stern and Mr. McMahon. Relator contends that the investigative file, and the deposition information sought, involves work product. Civ.R. 26(A) addresses the policy considerations of the discovery rules:

"It is the policy of these rules (1) to preserve the right of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (2) to prevent an attorney from taking undue advantage of his adversary's industry or efforts."

Civ.R. 26(B)(3) more specifically addresses work product. It provides that "a party may obtain discovery of documents and tangible things prepared in anticipation of litigation or for trial by or for another party . . . (including his attorney . . . or agent) only upon a showing of good cause therefor."

It is undisputed that Mr. McMahon conducted an investigation on behalf of the Disciplinary Counsel. The Disciplinary Counsel is required to investigate "allegations of misconduct by judges or attorneys . . . and initiate complaints as a result of investigations under the provisions of this rule." Gov.Bar R. V, Sec. 3(B). This investigation then was conducted anticipating litigation or its functional equivalent.

Presumably the investigative files contain material generated during the investigation, such as interview notes and writings authored or created by Relator or his agent. Such material is prepared in anticipation of litigation and is not subject to disclosure absent good cause shown. Civ.R. 26. *Upjohn Co. v. United States* (1981), 449 U.S. 383, 399, 101 S.Ct. 677, 687, 66 L.Ed.2d 584, 597. Respondent has failed to establish any good cause why such discovery beyond that allowed here should be permitted; her representatives can conduct their own investigation to gather necessary information. Therefore, except as already provided here, the contents of the investigative files are not discoverable.

The same reasoning used to address discovery of the investigative files applies with respect to the depositions. If Relator has identified Mr. McMahon and Mr. Stern as witnesses, the Respondent is entitled to depose them with respect to matters directly pertaining to their testimony as limited by the work product privilege. However, the scope of the inquiry may not be to uncover trial strategy or to obtain the results of investigative efforts about which they will not testify on direct at the hearing.

For all the foregoing reasons, the Commission finds that the motion for a protective order is well taken in part, and is granted to the extent defined in this order.

BY ORDER OF THE COMMISSION